UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| STEVEN WORASEN ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| v. ) | |
| ) | |
| EQUIFAX INFORMATION SERVICES LLC ) | |
| EXPERIAN INFORMATION SOLUTIONS INC ) | |
| AND TRANS UNION LLC ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Steve Worasen, and for his complaint against defendants Equifax Information Services LLC ("Equifax), Experian Information Solutions Inc. ("Experian"), and Trans Union LLC ("Trans Union), he alleges the following:

**PRELIMINARY STATEMENT**

1. This action arises out of the Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**JURISDICTION & PARTIES TO ACTION**

2. This Court has jurisdiction and is a proper venue because Defendants have been alleged to violate a federal law, the FCRA, and this is a federal district court located in Defendant(s) principal place of business.

3. Plaintiff, Steve Worasen, is a natural person and a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(b), (c).

4. Equifax is a limited liability company that is headquartered in the State of Georgia. Equifax collects and sells information about consumers and is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f).

1

5. Experian is a California company that does business in the State of Georgia through its registered agent. Experian collects and sells information about consumers and is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f).

6. Transunion is an Illinois company that does business in the State of Georgia through its registered agent. Transunion collects and sells information about consumers and is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f).

## PURPOSE OF THE FAIR CREDIT REPORTING ACT

7. Consumer credit plays a major role in the lives of American consumers entering into the American marketplace and the economic system in general. Fair and accurate credit reporting acts as a gatekeeper to credit purchases, employment and income, basic commercial services, insurance coverage, housing rentals, and a broad range of other transactions. Robert J. Hobbs & Stephen Gardner, THE PRACTICE OF CONSUMER LAW 39-40 (2nd ed. 2006).

8. Congress investigated and determined that the banking system is dependent upon fair and accurate reporting, that inaccurate credit reports directly impair the efficiency of the banking system, and that unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. 15 U.S.C. § 1681(a)(1).

9. The FCRA was created to "ensure fair and accurate credit reporting." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007).

10. The FCRA was proposed in 1968 as an amendment to the original Truth in Lending Act. Senator Proxmire (D-WI) announced his intention to create legislation addressing the growing frequency of cases in which a consumer "is unjustly denied because of faults or incomplete information in a credit report," and entered an initial draft of what would eventually become the FCRA into the Congressional Record. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 114 Cong. Rec. 24904 (Aug. 2, 1968))

11. Senator Proxmire listed 5 types of abuses requiring Congressional response, including biased information and incomplete information. Anthony Rodriguez et al., FAIR CREDIT REPORTING 8 (5th ed. 2002) (citing 115 Cong. Rec. 2411 (Jan. 31, 1969)).

12. Congress considered inaccurate and misleading information to be the most serious problem. Anthony Rodriguez et al., FAIR CREDIT REPORTING 10 (5th ed. 2002).

13. The FCRA applies to situations in which information relevant to a consumer's "credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" is collected. Anthony Rodriguez et al., FAIR CREDIT REPORTING 5 (5th ed. 2002) (citing 15 U.S.C. § 1681a(d)).

14. An inaccurate or misleading credit report can not only significantly and unfairly lower a consumer's credit worthiness but can also prevent consumers from full access to the American marketplace and negatively impact a consumer's living standard and general reputation on the whole if a consumer's character and mode of living is not accurately portrayed. Congress enacted the FCRA to prevent this arbitrary and iniquitous result.

15. Furthermore, in 1996, Congress, in an effort to increase the "accuracy and integrity" of information supplied to credit reporting agencies, added 15 U.S.C. § 1681s-2 to the FCRA by passing the Consumer Credit Reform Act. The provision, "[r]esponsibilities of furnishers of information to consumer reporting agencies," subjected data furnishers, who were not previously covered by the FCRA, to requirements related to accuracy and the handling of consumer disputes. These provisions were originally scheduled to sunset in 2003 but were considered important enough to Congress to be made permanent in the Fair and Accurate Credit Transactions Act of 2003. Federal Trade Commission Staff: 40 Years of Experience with the Fair Credit Reporting Act, pp. 1, 2, 92. Retrieved from the FTC website: http://www.ftc.gov/os/2011/07/110720fcrareport.pdf.

## FACTUAL ALLEGATIONS

16. In the summer of 2024, Mr. Worasen was in the market for credit. So, he checked his credit files with three national CRAs.

17. To obtain his credit files, he visited the website www.AnnualCreditReport.com, which is owned and operated by the three national CRAs.

18. Equifax and Trans Union responded to Mr. Worasen's request by providing him with a copy of his credit file. Experian did not provide Mr. Worasen with his credit file.

19. There were six items in his credit reports that Mr. Worasen identified as errors. The accounts with the errors were reported by Credit One Bank, Discover Bank, Capital One, Sunrise Bank Self Lender, Coast Central Credit Union and Jefferson Capital System.

20. Plaintiff sent each CRA a letter that disputed the six accounts.

21. As for the Credit One Bank account, the letter disputed that the Plaintiff was late in February 2022.

22. The letter disputed the Discover Bank account because the payment history section omitted Plaintiff's payment in March 2022 and reported the account as in charge-off status after the account was paid in full.

23. Regarding the errors in the Capital One account, the letter stated the account was being reported as "Paid for Less Than the Full Balance" when the account had been in paid in full for the balance owed. Additionally, the letter pointed out that his payment in March 2022 was missing from the report.

24. With respect to the Sunrise Bank Self Lender account, the letter disputed that he was ever late on the account, including the final payment as reported by the CRAs.

25. Respecting the Coast Central Credit Union account, the CRAs are inaccurately reporting that the Plaintiff is a joint account holder on an account with Coast Central C.U.

26. And with regards to the collection reported by Jefferson Capital Systems, the CRAs inaccurately reported that Plaintiff had an unpaid debt with Paypal Credit. The reporting is false because the Plaintiff did not have an account or loan with Paypal. Compounding the problem, the Defendant CRAs did not report complete information about the Paypal account. Consequently, the Plaintiff did not have useful information to investigate the matter.

27. Aside from forwarding the disputes to the furnishers, the CRAs did not do anything else to verify the disputed information was accurate.

28. After doing no investigation of their own, the CRAs sat back and waited for the furnishers to respond to the disputes. If the CRAs had done their own investigation, they would have discovered the disputed information needed to be corrected or deleted.

29. Several of Plaintiff's creditors and potential creditors requested and received credit reports on Plaintiff from the CRA Defendants. And those reports contained inaccurate information that was disputed by the Plaintiff.

30. As a result of Defendants' inaccurate furnishing/reporting, Plaintiff has suffered reduced credit score and profile, emotional distress, frustration, and anxiety constituting actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and § 1681n.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury.

## CAUSE OF ACTION

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendants violated 15 U.S.C. § 1681e(b) by failing to utilize reasonable procedures to report maximum accurate information in Plaintiff's credit reports that the CRAs furnished to various third parties.

34. Defendant Experian violated 15 U.S.C. § 1681g by failing to provide Plaintiff with his credit file after he requested it.

35. Defendants violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation with respect to the disputed information.

36. Defendants violated 15 U.S.C. § 1681i(a) failing to review and consider all relevant information provided by Plaintiff.

37. Defendants violated 15 U.S.C. § 1681i(a) by failing to modify or delete information that was inaccurate, incomplete or unverifiable.

38. Defendants violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's statement of dispute to credit reports published to third parties.

39. As a result of Defendants' violations of the FCRA, Plaintiff has suffered actual damages not limited to detriment to his credit rating, emotional distress, embarrassment, mental anguish, and anxiety in an amount to be determined at trial.

40. Defendants' conduct, actions, and inactions were willful, rendering them liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

41. Alternatively, Defendants' violations were negligent, rendering it liable for damages under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover actual damages, statutory damages, and costs and attorneys' fees from each Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants for:

- an award of actual and statutory damages against each Defendant for its violations of the FCRA pursuant to 15 U.S.C. §§ 1681n and 1681o;

- an award of punitive damages against Defendants for its willful noncompliance with the FCRA pursuant to 15 U.S.C. § 1681n;

- an award of costs and attorney's fees against Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o; and

such other and further relief as the Court may deem just and proper.

Dated:  June 3, 2025                By: /s/ Naja I. Hawk
                                                                                **NAJA I. HAWK**
                                                                                Pleadings@thehawklegal.com
                                                                                Georgia Bar No. 916396

                                                                                **THE HAWK LEGAL COLLECTIVE**
                                                                                730 Peachtree Street NE, #570
                                                                                Atlanta, GA 30308
                                                                                Phone: (404) 439-9310

                                                                                *Counsel for Plaintiff*